ARSHAG N. MESSERLIAN *vs.* JOSEPH GOODNESS.

MARCH 31, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This case in trespass and ejectment was tried in the superior court before a justice sitting with a jury and resulted in a verdict for the plaintiff for possession and costs. Thereafter the trial justice denied the defendant's motion for a new trial, and the case is before us on defendant's single exception to that decision.

The material facts in evidence are as follows. Plaintiff is the owner of certain premises located at 288 Pine street in the city of Providence. In May 1948 they were occupied by a Mrs. McKay as a tenant of the plaintiff from month to month at a rental of $29 payable in advance. In addition to living there Mrs. McKay operated a rooming house business therein. Because of the necessity for extensive remodeling, alterations and repairs, the plaintiff sought possession of the premises. Accordingly on May 17, 1948 he sent an eviction notice to said tenant requiring her to vacate the premises by August 1, 1948.

Thereafter a real estate agent undertook to sell the rooming house business for Mrs. McKay to the defendant. He testified that he tried several times to induce the plaintiff to accept the defendant as a tenant, and that sometime in June plaintiff finally agreed to accept him as a tenant from month to month. Thereafter Mrs. McKay sold the furnishings and rooming house business by a bill of sale to the defendant, and the agent was paid a commission. Plaintiff, however, denied that he made any such arrangement with either the agent or the defendant.

On or about July 1, 1948 plaintiff called upon Mrs. McKay to collect the rent due in advance for the month of July.

At that time, according to testimony for the defendant, Mrs. McKay introduced the defendant to the plaintiff as his new tenant. While there was evidence that the money which was paid to plaintiff for the July rent actually came from the defendant, it admittedly was paid by Mrs. McKay who received the receipt in her own name. The plaintiff denied that he accepted the defendant as a tenant then or previously. On the contrary he testified that the rent was paid by Mrs. McKay, to whom he gave a receipt, and that he insisted on obtaining possession of the premises.

There also was some testimony that a short time before the trial the plaintiff requested "more rent" from the defendant if he were to remain as a tenant, but the plaintiff testified that such offer was made by the defendant and was refused. At any rate, when Mrs. McKay did not surrender the premises on August 1, 1948, in accordance with the previous notice, an action of trespass and ejectment was commenced against her based upon notice to vacate, and judgment thereon for possession and costs was entered by default in the district court on August 13, 1948. This judgment was not appealed. The action in the instant case was commenced against the defendant as an alleged trespasser who was wrongfully detaining the premises from the plaintiff, and it apparently was tried on the theory that the controlling issue was whether defendant was in fact a tenant or a trespasser on August 5, 1948, when the action was commenced. The trial justice instructed the jury to that effect and no exception was taken by the defendant. Such instruction therefore became the law of the case. The jury then returned a verdict for the plaintiff, which was later approved by the trial justice in his decision denying defendant's motion for a new trial.

In our opinion the verdict should not be disturbed for at least two reasons. First, the law of the case as given to the jury presented as the controlling issue the question of fact, namely, whether defendant was a tenant or a trespasser at the time of the commencement of this action. No

request was made to charge in accordance with defendant's present contention, namely, that by virtue of his purchase and assignment from Mrs. McKay of all the latter's rights as tenant he entered lawfully and thereafter could not be considered as a trespasser. No such charge was given and no exception was taken by the defendant to the charge. In such circumstances he may not for the first time before us, and without any appropriate exception, shift his ground of defense so as to change materially the law of the case as given by the trial justice.

Secondly, assuming without deciding that merely by virtue of the sale and assignment from Mrs. McKay the defendant obtained all the rights and interest of that tenant against the landlord and was not a trespasser when he entered, the result would not be different in the circumstances here. The issue is not whether he entered lawfully but whether he unlawfully detained the premises at the commencement of this action on August 5, 1948. He concedes that by virtue of the verdict he may not successfully argue that he was in fact a new tenant of the plaintiff. Nevertheless he contends that he was not a trespasser because of the assignment from Mrs. McKay and that he could not be evicted in an action wherein the declaration relied not upon a notice to vacate but merely upon the allegation that he was a trespasser. Assuming, as stated, that by the assignment from Mrs. McKay in June he had acquired all the latter's rights as a tenant by parol from month to month, it is clear that he could have no more rights than the assignor against the plaintiff. In such circumstances it follows, in our opinion, that he likewise would be bound by the notice to end such assignor's tenancy and by any proper action and judgment that had been taken by the plaintiff against her.

It appears in evidence that on May 17, 1948, prior to the assignment, notice was given to Mrs. McKay to vacate on August 1, 1948; that a trespass and ejectment action based thereon was duly brought against her; that judgment

therein for possession of these premises and costs was entered against her on August 13, 1948; and that no appeal therefrom was taken. Mrs. McKay, the supposed assignor, would herself have been a trespasser had she remained in the premises and detained them from the plaintiff after August 1, 1948. If the defendant stands in the place of Mrs. McKay with all her rights, as he contends, he must also assume her obligations and he would not be in lawful possession since the plaintiff's right to immediate possession after August 1, 1948 was determined by the judgment in the action against Mrs. McKay.

On the issue as it was actually presented to the jury there was conflicting evidence as to whether plaintiff had accepted defendant as a tenant. The jury had the advantage of seeing and hearing the witnesses, including both parties, and decided against the defendant, notwithstanding certain factors that ordinarily might have produced a natural sympathy for him. Mrs. McKay, though present at the trial, did not testify for the defendant. This and other matters in evidence were pointed out by the trial justice, who also had an opportunity to see and hear the witnesses, and in the exercise of his independent judgment he has approved the verdict. The defendant has pointed out no material evidence that was overlooked or misconceived by the trial justice in reaching his decision. From our examination of the transcript we cannot say that the verdict or its approval by the trial justice on such conflicting evidence was clearly wrong.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Joseph V. Cavanagh,* for plaintiff.

*Thomas B. Sullivan,* for defendant.